Good morning. May it please the court. I'm A.J. Cutchins here for the appellant, Ronald Smith. This case is both very straightforward and very disturbing. At least I find it so. The straightforward part is that the district court simply got it wrong. It was indisputably wrong about the facts on which it premised its order, and it was demonstrably wrong about the law on which it premised its order. I think that's the phone being hung up. Don't let it distract you. I'm sorry. I meant to reserve two minutes for rebuttal, if I may. The premise of the district court's order dismissing the petition was that the petitioner, the appellant here, had failed to exhaust his State remedies. But as the State concedes, the petition was exhausted in every sense in which that term is meaningfully used. Now, the State recasts the issue and says that the district court didn't really dismiss for lack of exhaustion. It dismissed because the appellant had another challenge pending in State court. Well, that's not consistent with what the district court said. It's not consistent with the issue as framed by this court. Would it even have been proper to dismiss had the district judge understood the nature of the challenge? Well, there was no challenge. No, let me face it. Let me state this a different way. There is another suit going forward in State court. Yes. Had the district court understood what the nature of that suit was going on in the State court, would it even have been proper for the district court to have dismissed the habeas petition? Absolutely not. I don't think so. Not on any ground. Not even on Sherwood v. Tompkins, which is what the district court hung its hat on. And as I just said, and I'm sorry to have interrupted Judge Fletcher, but it's also indisputed that the appellant doesn't have a challenge going in the State court, did not have a challenge going in the State court. The district court simply got its facts wrong no matter how this issue is tendered. The State says that that's appellant's fault. Apparently the appellant is to blame because he honestly and accurately answered a question on the district court's own form. And in doing so, he failed to foresee that the district court would misinterpret an honest and accurate answer to its own badly drafted question. According to the State, the appellant failed to prevent the district court from misreading its own form, and so he is to blame for the district court's error, which means that he has no remedy on appeal, which means that he forever forfeits any opportunity to have a Federal court review his constitutional claim, which means he should just forget about it and spend the rest of his life in jail. Now we're at the part that's disturbing. For as long as I've been a lawyer, at least, it's been the notion in the Federal courts that the courts are supposed to pay careful attention when a pro se litigant comes to court to make sure that legitimate claims are not summarily dispatched just because they were not artfully packaged. This is especially important in habeas cases, which the Federal courts are supposed to be the Constitution's safety net, protecting indigent State prisoners from unjustly spending their lives in prison. So there are a host of procedures that are in place that are supposed to prevent just the kind of errors that took place here. The district court is supposed to carefully review all of the petition, including the exhibits, before ruling. District court is supposed to resolve all uncertainty and ambiguity in favor of the pro se litigant. The district court, most importantly, is supposed to give notice and a chance to be heard before summarily dismissing a case. I submit that if the district court had done any of those things, that we wouldn't be here today discussing this case. Well, I believe that much of the mischief can be traced to the district court's application of the rule that it divined from dictum in Sherwood v. Tompkins. According to the district court, according to the government, Sherwood requires that a habeas petition must be dismissed if there is any sort of post-conviction proceeding related to the conviction pending in State court. That is far more sweeping than what this court said in Sherwood. It's incompatible with the restricted view of Sherwood found in this court's later decisions. It serves no good purpose to the extent that we're concerned about comedy and federalism. There are ample established rules in place to make certain that claims are completely exhausted before the federal court considers them. But the most important problem with that formulation is that with the advent of the AEDPA statute of limitations, the rule as adopted by the district court has an enormous potential for harsh and unfair results. I can illustrate this with examples from my own recent practice in which if this rule had been applied, and fortunately it wasn't in the court, in the federal courts that I was practicing in, the results would have been counterproductive. They would have been absurdly unfair. Doesn't the district court have an obligation, though, to do this preliminary screening, not only under Habeas Rule 4, but under some of the Informa Paparis statutes, 1915, 1915a? How does the district court balance its obligation to do this summary preliminary screening with the problems we see in this case where there was a fact that was buried into an attachment that might change the district court's perspective? Well, to begin with, the district court — it's a fair question, Judge Okuda, but I think that there are several good answers to that. To begin with, the form that the district court drafted invited the sort of ambiguity that it ended up and the error that it ended up making. The cognate form that the State court had used and that the Petitioner filled out in the State court said, is there anything pending? Yes.  A little blank. Explain what's pending. And he explained. They have a petition against me under the SVP statute. The district court's form didn't include that blank. It just said, is there anything pending? He said, yes. They said, you're out of court. So that's point one. Point two is that the district court, per this Court's precedent, could and should have said, it looks to me like there's a failure to exhaust here. And, you know, I want to hear from the party. You have 30 days to explain to me why you didn't fail to exhaust. It didn't do that. The other thing is, yes, the district court would have had to read the whole pleading, but it was maybe 30 pages, and if you read the whole thing, it's absolutely clear what the nature of the other proceeding is. It's absolutely clear that it wasn't a challenge on the part of the Petitioner. So, yes, the district court does have an obligation. I'm not saying that. I'm saying the district court failed to, it did a bad job. It did a very bad job of meeting that obligation. I'm sorry, Judge Fletcher, I think you had a question. Well, perhaps we should, let's hear from the State, and you've got just over two minutes. Thank you very much. And then you'll have a chance to respond. Good morning. This is Gregory Ott for Respondent. This case isn't the travesty, it seems. As for the facts. Putting to one side the word travesty. Beg your pardon? Putting to one side the word travesty. Let's just get to the question as to whether or not the district judge made a mistake. No, it didn't. As for the facts. Let me state what I think is going on so you can respond. It seems to me that there is no exhaustion problem here. There was a proceeding going on at state court, but indeed the very existence of that proceeding is part of the habeas petition. He says I should be out instead of being subjected to this proceeding. You're not contending that there's a failure to exhaust, are you? No. The three claims that were presented, I think there were three, all the claims that were presented in the petition were presented to the California Supreme Court and are therefore exhausted. So he has exhausted, okay. Yes. What the district court thought from the question that the defendant answered was that there was a collateral review petition. Now, putting aside what a lay person. In other words, the district court thought that it had not been exhausted. Well, it thought that, I think it recognized that these three claims were exhausted, but it also thought that he had a petition still pending. In other words, that he had dual proceedings going. And that there were other unexhausted claims, so we had a Rose v. Lundy problem? No. But Sherwood by its terms refers to prematurity, not exhausting in the traditional sense. I think there's a semantic issue there. Sherwood talks about, well, in fact, in Sherwood the claims were exhausted under Rose. Are you claiming, let me get it this way, not so much what the district court thought, but I'm asking what you're contending. Do you contend that the existence of the state court proceeding against him prevents the habeas from going forward? No. So it should actually go forward? Not necessarily, because. What's preventing it from going forward then? Well, I don't know. I come into this case. Wait a minute. You say it's not supposed to go forward, but you don't know why it's not supposed to go forward? If you don't think it's supposed to go forward, you should have an answer as to why it's not supposed to go forward. I do have an answer. Oh, good. Okay. The answer is this. I come into this case without having appeared. I don't, I have a fixed record, and I don't know nor have I been able to confirm whether a collateral review petition, not the SVP petition. Now, Petitioner says now he does not and did not have such a petition pending. Not the SVP, but a collateral review petition. If that is true, this, the proceeding in district court should go forward, but I can't confirm that. I am not in a position to concede that because I did not have any part of establishing the record in district court. And I would like to confirm that on my own independently in district court, say, before I would concede that there is no such petition. In other words, we should remand the district court to give you that chance? Well, I think the, I think either way, what I would suggest is an affirmance without prejudice. There wouldn't be prejudice anyway. You might have found that out before sitting here. Well, a couple of reasons. One, the record's fixed. Had I found out he had a petition, I couldn't put it into the record. Had I found out — You might have been able to make a motion. Well — I mean, I really think the State is wasting the time of three judges. The State isn't wasting its time. The defendant's wasting its time. We have a Rule 60 motion, and we have a successive or a second petition, which would not be successive or second. There are two remedies existing in the district court which could have obviated this entire proceeding. But what was in front of the district court — And those two are? I just said a Rule 60 or another petition, which would not be deemed successive or second because the first dismissal was without — And if you were to do the second, that is to say if you were to file a new petition, would you be willing to waive statute of limitations? If the facts as alleged by the petitioner are true, meaning there was no collateral review petition, then yes. If — but if there is no — and like I said, I can't confirm that, but if there was no collateral review petition pending at the time the defendant filed the petition below, then no, there is no statute of limitations problem. But, well, no, there is none. I have to say I share Judge Noonan's view. I think the State is wasting not only our time but your time. And we could have submitted this on the briefs, but given the State's response here, I decided not to submit it on the briefs to ask the State, what are you doing with this case? This strikes me as an obvious case where the district judge made a mistake. District judges make mistakes all the time. Courts of appeals judges make mistakes all the time. And there's nothing sort of horrible or unforgivable. I mean, the district judge just made a mistake, and it's obvious. Well, because I can't conceive the facts on which the appellants — You're making up a possibility, and then you're saying I can't prove that the possibility I just made up is not true. You have no evidence whatsoever that he has an unexhausted petition filed in State court that would prevent the habeas petition from going forward. I don't have it because we never appeared in district court. And he has not said, I have something going forward in State court that would prevent it. He says there is something going forward in State court, and that's the proceeding brought by the State against me. I understand this fact. So you're making up the possibility, and then you're saying I have no way of confirming the possibility that I just made up. I have no way of confirming it because of the procedural posture of this case. I am making up the possibility because I'm not going to concede something I can't confirm because the record is fixed. But it's not up to you at this point to make it up and say, therefore, the dismissal was proper. I mean, if on the face of his petition, there is nothing in State court that prevents it from going forward, it should go forward. Your Honor, on the face of his petition, there was. The face of his petition, he says, I have a petition now. Yes, and the face of the petition says it's the proceeding. So once we look at all of his papers, it's very clear that what he's saying is there is a petition filed against me by the State. Did the district court make a mistake in not culling through and seeing and comparing? No, I don't think it did. I don't think a district court is charged with that responsibility of going through every exhibit and comparing that on page 6 of a California Supreme Court petition, he gave a slightly different answer to a slightly different question, and therefore. The next time you're in the district court, I invite you to say to the district court, I've taken a position of the Court of Appeals that the district court is not required to read all the papers that are filed in front of it. So if the district court wishes to ignore all the exhibits to my filing, it's perfectly free to do so. No, I don't think it's a tenable position for you to say the district court was not required to read the papers that were filed. I think the district court. That's not what I said. I think the district court reads the papers. I think there's a limit to the interpretation and deciphering that you charge a district court with. What it was principally charged with reading was the petition. And the petition said, I have a, quote, post-conviction petition pending. All of us in this room know that to mean collateral review petition. Admittedly, to a layperson, it's somewhat ambiguous. And if he answered it the way he says he did, then there was a mistake made. But before the district court, what the district court had in front of it was a petition where the petitioner is saying, I have a petition pending. That's what was in front of it. If a mistake was made, the remedy is in the district court. Two remedies. I'm not wasting this court's time, but I'm not going to concede something that doesn't merit conceding, and certainly not on a record that I had no part in establishing. If the court has no further questions, I'll submit it. I see none. There's much that I'd like to say about what Mr. Ott said, but I think under the circumstances that the better part of valor is for me to submit it on the argument that has been given. Thank you very much. Good intuition. Yes. Okay, thank you very much. The case of Smith v. Plummer is now submitted for decision. The next case on the argument calendar is this Cayena Cardona versus Casey.
judges: Noonan, Fletcher, Ikuta